**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

UNITED STATES OF AMERICA

-vs-                                                                                 Case No.:  2:08-cr-19-FtM-29SPC

GERALD L. BANKS

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

　　　　This matter comes before the Court on the Defendant Gerald Banks' Motion to Suppress Evidence Based on Lack of Reasonable Suspicion to Conduct Stop on Motor Vehicle (Doc. # 34) filed on July 31, 2008.  The Government filed its Response to the Motion (Doc. #36) on August 6, 2008.  A hearing was held before the undersigned United States Magistrate Judge on August 14, 2008.  The Defendant is charged by Indictment with Possession of a Firearm and Ammunition by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1) and § 924 (a)(2), and Possession with Intent to Distribute a Quantity of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C). During the hearing, the Defendant, Gerald Banks, was present with court appointed CJA attorney Andrew Tretter.  The Government was represented by Assistant United States Attorney Jeffrey Michelland.  The Government called Officer Erin Campbell (Ofc. Campbell) to testify to the events that occurred in the early morning hours of November  11, 2007.

## TESTIMONY AND EVIDENCE

**Officer Erin Campbell**  (Tr. 4-46).

Officer Campbell was with the Fort Myers Police Department for approximately two (2) years until May 2008. (Tr. 5:11-15). He was trained at the police academy, and received further field training including dealing with traffic stops while with the Fort Myers Police Department. (Tr. 6:10-21). From approximately July 2006 until October 2006, he was in training with another officer. (Tr. 43:6-10).

On November 11, 2007, at approximately 1:50 a.m., Ofc. Campbell was on routine road patrol in the area of Martin Luther King and Ford Street. (Tr. 6:22-24). He was in uniform and in a marked patrol vehicle. (Tr. 7:11-14). Ofc. Campbell was traveling southbound on Ford Street when a white Kia passed him traveling in the opposite direction at a high rate of speed. (Tr. 7:15-21). He first observed the vehicle traveling towards him at a high rate of speed from approximately three (3) blocks away. (Tr. 12:15-17). He was surprised it did not slow down since he was in a marked patrol car. (Tr. 12:17-20). Ofc. Campbell testified that it was extremely obvious to him that the vehicle was speeding at approximately 50 to 60 mph. (Tr. 8:1-5). The speed limit in that area is 30 mph. (Tr. 8:5). He has had the opportunity in the past to gauge the speed of vehicles both by sight and by radar. (Tr. 8:6-20). Ofc. Campbell testified that he stopped the vehicle for speeding and being careless. (Tr. 11:1-9). He did not suspect the driver of being involved in any criminal activity at the time. (Tr. 11:13-17). He had no other reason to stop him. (Tr. 11:10-12).

As the vehicle passed him, he did not hesitate but immediately turned around. (Tr. 9:14-16). He could see the vehicle approaching a red light approximately four (4) to five (5) blocks from where he had initially come into contact with it. (Tr. 9:3-13). He opined that he would not have been able

to stop the vehicle had there not been other vehicles stopped at the red light. (Tr. 9: 5-8). Ofc. Campbell activated the lights and siren on his patrol vehicle. (Tr. 9:18-23). The white Kia remained at the light until it turned green and then pulled across the street into a parking lot. (Tr. 9:20-24). Prior to stopping the vehicle, Ofc. Campbell testified that he could see the Defendant bending over doing something under his seat. (Tr. 13:12-23). The area in which he stopped was well lit. The driver immediately exited the vehicle when it came to a stop. The door was left open. (Tr. 15:3-6). The driver of the vehicle was identified by Ofc. Campbell in open court as Gerald Banks. (Tr. 14:3-13).

Ultimately, the Defendant was cited for careless driving for driving fast and being unsafe. (Tr. 23:11-15). Ofc. Campbell testified he did not cite the Defendant for speeding since he could not specifically pinpoint exactly how fast the Defendant was driving. [1](Tr. 23:1-10).

During cross examination by defense counsel, Ofc. Campbell admitted the area in which the Defendant was driving was known to be a high crime, high drug area and that the officer was specifically in that area looking for criminals and criminal activity. (Tr. 24:6-14, 27:1-4). However, Ofc. Campbell reiterated that he did not stop the Defendant for anything other than traveling at an excessive rate of speed. (Tr. 26:22-25). He testified that he had pulled over other speeders in the past but did not issue tickets to them. (Tr. 44:7-12). This occurred less than10 times. (Tr. 44:11-12). Ofc. Campbell further testified that he made approximately ten (10) arrests per month, and approximately 120 between November 2006 and November 2007.(Tr. 44:2-6).

---

[1]Although the Government continued to question Officer Campbell as to the facts subsequent to the stop of the vehicle, the Motion to Suppress deals exclusively with the stop of the vehicle. Therefore, this Court will not set forth the additional facts as they do not pertain to the Motion at hand.

## DISCUSSION

The Defendant argues his vehicle was unlawfully stopped by Fort Myers Police Officer Erin Campbell for allegedly traveling at an undocumented high rate of speed.  The Defendant contends the warrantless stop was without sufficient reasonable suspicion of criminal activity and, therefore, all evidence and any statements made by Mr. Banks emanating from the stop should be suppressed. The Government argues the traffic stop was lawful under the Fourth Amendment because the officer had probable cause to believe the Defendant was speeding.

Under the Fourth Amendment, a decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation occurred, and an officer's motive in making the traffic stop does not invalidate what is otherwise "objectively justifiable behavior under the Fourth Amendment," U.S. v. Simmons, 172 F.3d 775, 778 (11th Cir. 1999) (quoting Whren v. United States, 517 U.S. 806, 810-812, 116 S. Ct. 1769, 135 L. Ed.2d 89 (1996); *see* United States v. Roy, 869 F.2d 1427, 1431-33 (11th Cir. 1989) *cert. denied,* 493 U.S. 818, 110 S. Ct. 72, 107 L. Ed.2d 38 (1989) (holding the subjective belief of Coast Guard did not invalidate boarding, even where the officers themselves believed they did not have probable cause).

In this instance, Ofc. Campbell observed the Defendant's vehicle traveling at a high rate of speed. Ofc. Campbell testified that he was traveling southbound on Ford Street when a white Kia passed him traveling in the opposite direction at a high rate of speed.  (Tr. 7:15-21). He first observed the vehicle traveling towards him at a high rate of speed from approximately three (3) blocks away. (Tr. 12:15-17).  He even noted that he was surprised it did not slow down since he was in a marked patrol car. (Tr. 12:17-20).  Ofc. Campbell then stated that it was extremely obvious to him that the vehicle was speeding at approximately 50 to 60 mph. (Tr. 8:1-5).

The Fourth Amendment does not prohibit officers from pulling over a motorist for suspected speeding whenever the officer is acting solely on the basis of his visual observations. U.S. v. Monzon-Gomez, 244 Fed. Appx. 954, 959 (11th Cir. 2007). "Stated differently, the Fourth Amendment does not require the use of radar detection to establish probable cause to believe a motorist is speeding." Id. The Eleventh Circuit noted in Monzon-Gomez, that evidentiary burdens are not implicated where Fourth Amendment probable cause is concerned. Id. at n. 3.

Although the Defendant argues Ofc. Campbell did not cite him for speeding, Ofc. Campbell did cite him for careless driving. Furthermore, "[w]ith regard to traffic stops under the Fourth Amendment, the question is simply whether a law enforcement officer has sufficient cause to believe a traffic law has been violated, not whether such a violation can be successfully prosecuted in court. Id. Therefore, the fact that Ofc. Campbell did not issue a speeding ticket is irrelevant to the probable cause inquiry. Id. at n. 4. His observation alone that the Defendant was speeding was sufficient to make the traffic stop.

The Defendant argues that the stop was a pretext to support a drug interdiction program in the area around Martin Luther King and Ford known as "Weed & Seed." The Defendant's pretext argument lacks merit because the officer's motive in making the traffic stop does not invalidate what is otherwise "objectively justifiable behavior under the Fourth Amendment," Whren, 517 U.S. at 812. As a result, the Court concludes that Ofc. Campbell acted as a reasonable officer would have acted in the same or similar circumstances when he pulled the Defendant over for speeding. The fact that there was no speed indicated on the careless driving ticket or that Ofc. Campbell did not have a radar device to record the Defendant's speed is irrelevant. Monzon-Gomez, 244 Fed. Appx. at 959. Based upon his personal observations, Ofc. Campbell had sufficient probable cause to stop the

Defendant for a traffic infraction.  Therefore, there was no Fourth Amendment violation and there has been no cause established to grant the Motion to Suppress the Evidence.

Accordingly it is, hereby:

**RESPECTFULLY RECOMMENDED** that the Defendant Gerald Banks' Motion to Suppress Evidence Based on Lack of Reasonable Suspicion to Conduct Stop on Motor Vehicle (Doc. # 34) be **DENIED**.

**Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.**

**Respectfully recommended** at Fort Myers, Florida, this   26th   day of August, 2008.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record