UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                          2:08-cr-19-FtM-29SPC

GERALD L. BANKS

_____

## OPINION AND ORDER

_____This matter comes before the Court on Report and Recommendation (Doc. #43) recommending that Defendant Gerald Banks' Motion to Suppress Evidence Based on Lack of Reasonable Suspicion to Conduct Stop on Motor Vehicle (Doc. #34) be denied.  No objections have been filed.

**I.**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify, in whole or in party, the magistrate judge's findings and recommendations.  28 U.S.C. § 636(b)(1); Stephens v. Tolbert, 471 F.3d 1173, 1176 (11th Cir. 2006).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party."  Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. 1609,

94th Cong., § 2 (1976)).    The district judge reviews legal

conclusions *de novo*, even in the absence of an objection.   See

Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir.

1994).

## II.

The transcript (Doc. #41) of the evidentiary hearing supports

the factual findings set forth in the Report and Recommendation.

A police officer observed a vehicle being driven significantly in

excess of the posted speed limit; the officer stopped the vehicle

for speeding and being careless; the exact speed was not

determined, and the officer estimated the speed based upon his

experience; defendant, the driver of the vehicle, was ultimately

cited for careless driving and for driving fast and being unsafe,

but not for speeding because the officer could not pinpoint exactly

how fast defendant was driving.   The vehicle was being driven in a

high crime, high drug area, but the officer had no suspicions that

the driver was involved in criminal activity.

The legal conclusion that the stop of the vehicle was lawful

is supported by ample authority.   A traffic stop is constitutional

under the Fourth Amendment if it is supported by reasonable

suspicion under Terry v. Ohio, 392 U.S. 1 (1968) or by probable

cause to believe a traffic violation has occurred under Whren v.

United States, 517 U.S. 806 (1996).    United States v.

Chanthasouxat, 342 F.3d 1271, 1275 (11th Cir. 2003).    The

magistrate judge found that the traffic stop was justified by probable cause of a traffic violation.

A stop of a motor vehicle is constitutional if the vehicle was speeding and the speeding constituted a traffic violation. United States v. Pruitt, 174 F.3d 1215, 1217 n.1 (11th Cir.), cert. denied, 528 U.S. 1023, 1178 (1999). The magistrate judge found the officer's testimony credible, and the officer testified that defendant was driving the vehicle at 50 to 60 miles per hour in a 30 mile per hour zone.[1]  In Florida it is unlawful to "drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing." FLA. STAT. § 316.183(1).  It is not reasonable or prudent to exceed the posted speed limits. Therefore, the officer observed defendant commit a moving traffic infraction in his presence, and the stop of the vehicle was constitutional. E.g., Sanchez v. State, 847 So. 2d 1043 (Fla. 4th DCA 2003); State v. McCabe, 845 So. 2d 327 (Fla. 2d DCA 2003). This is true regardless of the subjective motivation of the officer.  Whren, 517 U.S. at 813; Arkansas v. Sullivan, 532 U.S. 769 (2001); Miller v. Harget, 458 F.3d 1251, 1260 (11th Cir. 2006);

---

[1]"An estimate of the speed at which a conveyance or other object was moving at a given time is generally viewed as a matter of common observation rather than expert opinion, and it is well settled that any person of ordinary ability and intelligence *having the means or opportunity* of observation is competent to testify to the rate of speed of such a moving object." Lewek v. State, 702 So. 2d 527, 532 (Fla. 4th DCA 1997)(citations omitted)(emphasis in original).

Draper v. Reynolds, 369 F.3d 1270, 1275 (11th Cir. 2004); Sanchez, 847 So. 2d at 1045-46.  Therefore, the Court agrees with the Report and Recommendation's conclusion that the stop was constitutional because the officer had probable cause of a traffic violation committed in his presence.

Accordingly, it is now

**ORDERED**:

1.  The Report and Recommendation (Doc. #43) is **accepted** and **adopted**.

2.  Defendant Gerald Banks' Motion to Suppress Evidence Based on Lack of Reasonable Suspicion to Conduct Stop on Motor Vehicle (Doc. #34) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___11th___ day of September, 2008.

JOHN E. STEELE
United States District Judge

Copies:
AUSA Michelland
Counsel of Record