```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

vs.                                            2:08-cr-19-FtM-29SPC

GERALD L. BANKS

_____

**OPINION AND ORDER**

This matter comes before the Court on the following motions filed on February 17, 2009: (1) Defendant Gerald Banks' Motion for a Hearing on his Motion to Withdraw Plea (Doc. #79); (2) Defendant Gerald Banks' Motion to Withdraw his Plea (Doc. #80); (3) Defendant Gerald Banks' Motion for a Hearing on his Motion to Withdraw Plea (Doc. #81); and (4) Defendant Gerald Banks' Motion to Continue his Sentencing (Doc. #82).

**I.**

On February 27, 2008, defendant Gerald L. Banks (defendant or Banks) was charged in a two-count Indictment (Doc. #3) with being a felon in possession of a firearm and ammunition (Count One) and with possession with intent to distribute cocaine base, also known as crack cocaine (Count Two). On March 12, 2008, defendant had his initial appearance before the magistrate judge, and the Federal Public Defender was appointed to represent him in the case. (Docs. ## 7, 9.) On June 1, 2008, the Federal Public Defender's Officer filed a Motion to Withdraw (Doc. #23) because defendant was dissatisfied with its services. Over the government's objection,

the motion was granted after a hearing (Doc. #26). New counsel was subsequently appointed. (Doc. #27.)

On July 31, 2008, new counsel filed a Motion to Suppress Evidence Based on Lack of Reasonable Suspicion to Conduct Stop on Motor Vehicle (Doc. #34). An evidentiary hearing was held, and the magistrate judge issued an Report and Recommendation (Doc. #43) on August 26, 2008, recommending that the motion be denied. On September 5, 2008, new counsel filed a Renewed Motion to Suppress Evidence Based on Failure to Issue Miranda Warnings (Doc. #45). An evidentiary hearing on the new motion to suppress was scheduled for September 10, 2008 (Doc. #47).

On September 10, 2008, at the time scheduled for the second suppression hearing before the magistrate judge, defendant signed and filed a Plea Agreement, entered a guilty plea as to Count One (Doc. #53), and made an oral motion to withdraw the Renewed Motion to Suppress Evidence Based on Failure to Issue Miranda Warnings (Doc. #54), which was granted (Doc. #55). The attorneys and defendant agreed that the first motion to suppress was still pending before the district judge. The magistrate judge entered a Report and Recommendation that defendant's guilty plea be accepted (Doc. #57), to which defendant waived his ten-day objection period (Doc. #56). On September 11, 2008, the district judge entered an Opinion and Order (Doc. #58) accepting the Report and Recommendation as to defendant's Motion to Suppress Evidence Based on Lack of Reasonable Suspicion to Conduct Stop on Motor Vehicle

(Doc. #34) and denying the motion. Also on September 11, 2008, the district judge accepted defendant's guilty plea and adjudicated him guilty of Count One (Doc. #59).

In a letter dated September 13, 2008, defendant personally asked to rescind his guilty plea because his attorney had told him that his first motion to suppress had been denied when it in fact was still pending. (Doc. #60-2.) The Court ordered the letter returned to defendant pursuant to Local Rule 3.01(f). (Doc. #60.)

On September 29, 2008, defendant's second attorney filed a Motion to Withdraw (Doc. #63) because of irreconcilable differences because the transcript of the guilty plea proceedings directly contradicted defendant's allegations in the September 13, 2008 letter. After a hearing, and again over the objection of the government, the motion was granted (Doc. #67). Current counsel filed his Notice of Appearance on October 13, 2008 (Doc. #69) and two motions to continue the scheduled sentencing (Docs. ## 73, 76), both of which were granted (Docs. ## 74, 77). Defendant's current motions were filed less than a week before the re-scheduled sentencing hearing.

## II.

The defendant bears the burden on his motion to withdraw his guilty plea. United States v. Izquierdo, 448 F.3d 1269, 1276 (11th Cir. 2006). Whether to grant a motion to withdraw a guilty plea is a matter within the sound discretion of the district court. Id. An evidentiary hearing is not required where the court has

conducted extensive Rule 11 inquiries prior to accepting the guilty plea. United States v. Brehm, 442 F.3d 1291, 1298 (11th Cir.), cert. denied, 549 U.S. 985 (2006). Additionally, a hearing is not necessary if the defendant, in moving to withdraw his guilty plea, only seeks to "relitigate representations made by himself, his lawyer, and the prosecutor in open court." United States v. Dabdoub-Diaz, 599 F.2d 96, 100 (5th Cir. 1979).

Pursuant to Fed. R. Crim. P. 11(d), a defendant may be permitted to withdraw his guilty plea before the court imposes sentence for a "fair and just reason." Fed. R. Crim. P. 11(d)(2)(B). In determining whether a defendant has shown a "fair and just reason," the court evaluates the totality of the circumstances, including: (1) whether the defendant had close assistance of counsel; (2) whether his plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced by the withdrawal. United States v. Freixas, 332 F.3d 1314, 1318 (11th Cir. 2003)(citing United States v. Buckles, 843 F.2d 469, 472 (11th Cir. 1988)). The Court may also consider the timing of the motion, i.e., the time between the entry of the plea and the motion to withdraw may indicate the defendant's motivation. United States v. Gonzalez-Mercado, 808 F.2d 796, 801 (11th Cir. 1987). The good faith, credibility, and weight of the defendant's assertions in support of his motion to withdraw are matters for to the district court to decide. Id. The district court is permitted to make a strong presumption of truth regarding

statements made by a defendant during a plea colloquy. <u>United States v. Medlock</u>, 12 F.3d 185, 187 (11th Cir. 1994).

Defendant asserts that he should be allowed to withdraw his guilty plea because it was not made knowingly and voluntarily. Specifically, defendant asserts that his second attorney told him before the guilty plea hearing that his first motion to suppress had been denied, when it fact it was not denied until the next day. (Doc. #80, p. 5.)

The record in this case affirmatively establishes that none of the factors favor withdrawing the guilty plea. The transcript of the guilty plea proceedings clearly establish that defendant was told before he pled guilty that his first motion to suppress was still pending, and that if the district court granted the motion the government would not object to the withdrawal of his guilty plea. (Doc. #61, pp. 4, 12, 23, 25-27.) Therefore, even assuming defendant's prior attorney had told defendant prior to the guilty plea that the motion had been denied, this information was corrected at the change of plea hearing. It is also clear from the transcript that defendant had the close assistance of counsel, and that his guilty plea was knowingly and voluntarily entered. Judicial resources would not be conserved by allowing the needless withdrawal of a valid guilty plea.

Accordingly, it is now

**ORDERED**:

1. Defendant Gerald Banks' Motion for a Hearing on his Motion to Withdraw Plea (Doc. #79) is **DENIED**.

2. Defendant Gerald Banks' Motion to Withdraw his Plea (Doc. #80) is **DENIED**.

3. Defendant Gerald Banks' Motion for a Hearing on his Motion to Withdraw Plea (Doc. #81) is **DENIED**.

4. Defendant Gerald Banks' Motion to Continue his Sentencing (Doc. #82) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___19th___ day of February, 2009.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record